Brian E. Mitchell (SBN 199095)
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3515
Facsimile: (415) 402-0058
Email: brian.mitchell@mcolawoffices.com

Attorney for Plaintiff and Counter-Defendant
INCASE DESIGNS, CORP.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| INCASE DESINGS, CORP., <br><br> Plaintiff, <br><br> v. <br><br> JWIN ELECTRONICS CORP. d/b/a ILUV CREATIVE TECHNOLOGY, <br><br> Defendant. | **Case No. 3:13-cv-00610-RS** <br><br> **PLAINITFF INCASE DESIGNS, CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS JWIN ELECTRONICS CORP.'S COUNTERCLAIMS AND STRIKE JWIN ELECTRONICS CORP.'S AFFIRMAITVE DEFENSES** |
| JWIN ELECTRONICS CORP. d/b/a ILUV CREATIVE TECHNOLOGY, <br><br> Counter-Claimant, <br><br> v. <br><br> INCASE DESIGNS, CORP., <br><br> Counter-Defendant. | Date: May 23, 2013 <br> Time: 1:30 PM <br> Dept: Courtroom 3 – 17th Floor <br> Judge: Honorable Richard Seeborg |

## Table of Contents

NOTICE OF MOTION ..................................................................................................................... 1

REQUESTED RELIEF ................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

    INTRODUCTION .............................................................................................................. 1

    STATEMENT OF ISSUES TO BE DECIDED ................................................................ 2

    STATEMENT OF LAW .................................................................................................... 2

    ARGUMENT ...................................................................................................................... 4

        I.    jWIN's Counterclaims Are Conclusory and Should Be Dismissed ................ 4

            A.    jWIN Provides No Factual Bases For Its Invalidity Counterclaims ................................................................................... 4

            B.    jWIN's Non-infringement Counterclaims Are Similarly Without Any Factual Support ............................................................... 5

        II.    jWIN's Kitchen Sink Approach to Affirmative Defenses Fail as a Matter of Law and Should Be Stricken ............................................................. 7

            A.    jWIN Merely Pleads Legal Doctrines Devoid of Supporting Factual Allegations ............................................................................. 7

            B.    jWIN's Defenses of Equitable Estoppel, Unclean Hands, and Patent Misuse Have Not Been Pled with Particularity ...................... 10

    CONCLUSION ................................................................................................................ 11

Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

**CASES**

*Adler v. Federal Republic of Nigeria*, 219 F.3d 869, 876-77 (9th Cir. 2000) .................................. 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................................. 2, 6, 8

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310 (Fed. Cir. 2010) ..................... 10

*Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 940-41 (N.D. Cal. 2012) ........................ 10

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d
    1167, 1172 (N.D. Cal. 2010) ................................................................................................ 3, 9

*Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-CV-1045, 2011 WL
    6934557, at *3 (D. Del. Dec. 30, 2011) ................................................................................... 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ......................................................... 2, 3

*C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998) ......................................... 11

*Cleversafe, Inc. v. Amplidata, Inc.*, No. 11-CV-4890, 2011 WL 6379300, at *1 (N.D.
    Ill. Dec. 20, 2011) ....................................................................................................................... 4

*Conley v. Gibson*, 355 U.S. 41 (1957) .............................................................................................. 3

*CTF Development, Inc. v. Penta Hospitality*, LLC, No. 09-CV-2429, 2009 WL
    3517617, at *7 (N.D. Cal. Oct. 26, 2009) ............................................................................... 7, 8

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other
    grounds*, 510 U.S. 517 (1994) .................................................................................................... 3

*Grid Sys. Corp. v. Texas Instrument, Inc.*, 771 F. Supp. 1033, 1042 (N.D. Cal. 1991) ..................... 4

*Groupon Inc. v. MobGob LLC*, No. 10-CV-7456, 2011 WL 2111986, at *4-5 (N.D. Ill.
    May 25, 2011) .......................................................................................................................... 5, 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323,
    1336 (Fed. Cir. 2012) ................................................................................................................. 6

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ................................................... 10

*Matsushita Elec. Indus. Co. Ltd. v. CMC Magnetics Corp.*, No. 06-CV-04538, 2006
  WL 3290413, at *2 (N.D. Cal. Nov. 13, 2006) ................................................................. 11

*Mittelstaedt v. Gamla-Cedron Orleans LLC*, No. 12-CV-5131, 2012 WL 6188548,
  at *4 (N.D. Ill. Dec. 21, 2012) ............................................................................................ 11

*Pagemelding, Inc. v. ESPN, Inc.*, No. 11-CV-6263, 2012 WL 3877686, at *1 (N.D.
  Cal. Sept. 6, 2012) ..................................................................................................... 2, 3, 4

*PB Farradyne, Inc. v. Peterson*, No. 05-CV-3447, 2006 WL 132182, at *3 (N.D. Cal.
  Jan. 17, 2006) ....................................................................................................................... 4

*Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-3323, 2012 WL 1029425, at
  *10 (N.D. Cal. Mar. 26, 2012) ............................................................................................. 9

*Powertech Tech., Inc. v. Tessera, Inc.*, No. 10-CV-945, 2012 WL 1746848, at *4
  (N.D. Cal. May 16, 2012) ............................................................................................ 3, 11

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) .............. 3, 4, 5, 7

*Raychem Corp. v. PSI Telecommunications, Inc.*, No. 93-CV-20920, 1995 WL
  108193, at *4 (N.D. Cal. Mar. 6, 1995) ............................................................................. 11

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ........................................ 3

*Solis v. Zenith Capital*, No. 08-CV-4854, 2009 WL 1324051, at *2 (N.D. Cal. May 8,
  2009) .................................................................................................................................... 3

*Sorensen v. Spectrum Brands, Inc.*, No. 09-CV-58, 2009 WL 5199461, at *1 (S.D.
  Cal. Dec. 23, 2009) ......................................................................................................... 5, 8

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) ................................. 10, 11

*Wiston Corp. v. Phillip M. Adams & Assoc.*, No. 10-CV-4458, 2011 WL 1654466, at
  *12 (N.D. Cal. Apr. 28, 2011) ............................................................................................. 6

*Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ............................................... 3

*Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 11-CV-671, 2011 WL 3206686, at *6,
  (N.D. Cal. July 27, 2011) .................................................................................................... 6

**RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 2

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 2

Fed. R. Civ. P. 9(b) ...................................................................................................................... 10

# NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that on May 23, 2013 at 1:30 PM, or as soon thereafter as counsel may be heard, at the United States District court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 3, 17th Floor, San Francisco, California, Plaintiff and Counter-Defendant Incase Designs Corp. ("Incase") will move the Honorable Richard Seeborg to dismiss the counterclaims and strike the affirmative defenses contained in Defendant and Counter-Claimant jWIN Electronics Corp.'s ("jWIN") Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff Incase Designs, Inc.'s First Amended Complaint for Patent Infringement. (Dkt. No. 19.)

# REQUESTED RELIEF

This Motion seeks an order dismissing the counterclaims and striking the affirmative defenses in jWIN's Amended Answer.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On February 12, 2013, Incase filed its original complaint in this action for infringement of Patent Nos. 8,312,991 B2 (the '991 Patent) and 8,328,008 (the '008 Patent). (Dkt. No. 1.) On February 14, 2013, a "courtesy copy" of this complaint was sent to the defendant's General Counsel by FedEx. The complaint was then formally served on February 21, 2013. (*See* Dkt. No. 10 at ¶¶ 9, 14 *and* Dkt. No. 13.) Next, Incase amended its complaint on February 25, 2013. (Dkt. No. 10.) Thereafter, Incase agreed to extend the time for jWIN to file an answer to April 1, 2013.

Defendant jWIN filed both an Answer and an Amended Answer on April 1st, wherein it asserted eleven affirmative defenses and four counterclaims in a span of less than six pages—each consisting almost entirely of boilerplate language and bare legal conclusions. (Am. Answer at 4-9, Dkt. No. 19.) In drafting this stripped down pleading, jWIN has ignored the pleadings standards required by the courts. Indeed, jWIN's counterclaims and affirmative defenses contain virtually no factual allegations at all. As a result, Incase can only guess as to the legal and factual bases for jWIN's various counterclaims and affirmative defenses.

The defendant's conclusive pleading method does not comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires jWIN to provide factual

1

allegations to demonstrate that a it "is entitled to relief," a standard it has clearly failed to satisfy. Accordingly, this Court should dismiss jWIN's counterclaims and strike jWIN's affirmative defenses.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether all of jWIN's counterclaims should be dismissed for failure to state a claim upon which relief may be granted.

2. Whether all of jWIN's affirmative defenses should be stricken for failure to meet the pleading requirements of Federal Rules of Civil Procedure 8(a)(2).

3. Whether jWIN's fourth and eleventh affirmative defense should be stricken for failure to meet the pleading required of Federal Rule of Civil Procedure 9(b).

**STATEMENT OF LAW**

The Federal Rules of Civil Procedure allow a court to dismiss "a claim for relief in any pleading" for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A motion to dismiss a counterclaim brought pursuant to FRCP 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *Pagemelding, Inc. v. ESPN, Inc.*, No. 11-CV-6263, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012). All pleadings that state a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Counterclaims must be pled with sufficient specificity to allow notice of the claim's nature and the basis upon which it is made. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a pleading must contain enough factual matter to state a claim for relief that is plausible when the facts are accept as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570. A court deciding a motion to dismiss must assume the truth of the facts alleged, however, the court is not required to accept legal conclusions dressed as a factual allegations as true. *Twombly*, 550 U.S. at 555. To satisfy one's obligation under Rule 8(a)(2), simple "labels and conclusions or a formulaic recitation of elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 555. Similarly, plain assertions lacking of any factual elaboration are insufficient. *Iqbal*, 556 U.S. at 678.

The same pleading standards that govern claims, also govern affirmative defenses. *Pagemelding*, 2012 WL 3877686, at *3. The Ninth Circuit has held that the "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). In *Wyshak*, the Ninth Circuit cited *Conley v. Gibson*, 355 U.S. 41 (1957); however, in *Twombly*, the Supreme Court retired the *Conley* standard and clarified that Rule 8's pleading standard contains a plausibility requirement. *See Twombly*, 550 U.S. at 562-63. As a result, courts in the Ninth Circuit have applied the *Twombly* and *Iqbal* standards when evaluating affirmative defenses. *See Pagemelding*, 2012 WL 3877686, at *1; *see also Powertech Tech., Inc. v. Tessera, Inc.*, No. 10-CV-945, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012). Moreover, even before *Twombly*, courts regularly rejected conclusive and boilerplate lists of affirmative defenses for failing to provide fair notice to the opposing party. *See generally*, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (striking affirmative defenses of waiver, estoppel, and unclean hands where pleading refered to the doctrines but did not offer a factual basis for the listed defenses). Applying the heightened pleading standard outlined in *Twombly* and *Iqbal* to strike defenses serves the valid purpose of preventing boilerplate listing of affirmative defenses that otherwise may be added to a case in the hope it will somehow apply. *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

Rule 12(f) allows a court to strike an affirmative defense that fails to meet this standard. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") When an affirmative defense simply states a legal conclusion or theory but lacks factual support describing how it connects to the case, it is inadequate and will not survive a motion to strike. *Solis v. Zenith Capital*, No. 08-CV-4854, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009). Striking deficient defenses prevents the court and the parties from spending time, money, and effort that arises from litigating baseless issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983).

Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

# ARGUMENT

## I. jWIN's Counterclaims Are Conclusory and Should Be Dismissed

### A. jWIN Provides No Factual Bases For Its Invalidity Counterclaims

In its Amended Answer, jWIN asserts counterclaims requesting a declaratory judgment of invalidity as to each of the patents-in-suit. jWIN states that "[o]ne or more claims of the '991 Patent that is allegedly infringed by jWIN are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code including, for example Sections 101, 102, 103, and/or 112." (Am. Answer Countercl. ¶ 16, Dkt. No. 19.) Then, jWIN goes on to repeat this conclusive styled allegation against the '008 Patent. (*Id.* ¶ 25.)

Besides the boilerplate legal conclusions and language that each patent is invalid, jWIN does not offer any explanation for the basis of its counterclaim. jWIN vaguely references federal patent law, and then lists potentially, but not necessarily, applicable statutory provisions. "[S]imply pleading the statute to allege patent invalidity [is] 'radically insufficient.'" *PB Farradyne, Inc. v. Peterson*, No. 05-CV-3447, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006); *see also Qarbon.com*, 315 F. Supp. 2d at 1050-51); *Grid Sys. Corp. v. Texas Instrument, Inc.*, 771 F. Supp. 1033, 1042 (N.D. Cal. 1991). Regardless, even if Incase were able to predict which provision or provisions of the patent code that jWIN believes invalidate each of the patents-in-suit, Incase could only hypothesize as to the basis for jWIN's invalidity claims. jWIN offers no facts that even suggest invalidity under any of the provisions that it lists. In summary, jWIN's unsupported allegation of invalidity "does not articulate the claimed invalidity, identify which, if any, of the statutory provisions apply, or provide any factual support to make the counterclaims plausible." *See Cleversafe, Inc. v. Amplidata, Inc.*, No. 11-CV-4890, 2011 WL 6379300, at *1 (N.D. Ill. Dec. 20, 2011).

Courts have repeatedly granted motions to dismiss invalidity counterclaims when faced with boilerplate allegations such as jWIN's conclusory allegations. *See, e.g.*, *Pagemelding*, 2012 WL 3877686, at *3 (dismissing counterclaim because claiming the "patent [is] invalid for failing to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112" is nothing more than a

general allegation that an issued patent is defective); *Qarbon.com*, 315 F. Supp. 2d at 1050-51 (dismissing invalidity counterclaim that merely cited statutes when alleging that the patent-in-suit was "invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.*, and specifically, §§ 101, 102, 103, and/or 112 . . ."); *Sorensen v. Spectrum Brands, Inc.*, No. 09-CV-58, 2009 WL 5199461, at *1 (S.D. Cal. Dec. 23, 2009) (holding that a "threadbare statement is precisely the type of allegation that is insufficient to state a claim under the *Iqbal* standard"); *Groupon Inc. v. MobGob LLC*, No. 10-CV-7456, 2011 WL 2111986, at *4-5 (N.D. Ill. May 25, 2011) (dismissing invalidity counterclaim when defendant simply cited an entire series of statutory provisions that refer to a number of issues instead of providing fair notice for the basis of its counterclaims).

Accordingly, this Court should dismiss jWIN's invalidity counterclaims. In spite of the Rule 8 requirements—as interpreted by *Iqbal* and *Twombly*—that jWIN must have a reasonable basis to assert its counterclaims, jWIN did not plead even the slightest information about its invalidity theories. jWIN's conclusory invalidity counterclaims are nothing more than threadbare legal recitals that fail as a matter of law and should be dismissed. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Qarbon.com*, 315 F. Supp. 2d at 1050 ("The Court will not accept wholly conclusory allegations.").

### B. jWIN's Non-infringement Counterclaims Are Similarly Without Any Factual Support

Using boilerplate language, jWIN requests a declaration of non-infringement for each of the patents-in-suit. jWIN states that it "is not now infringing and has not infringed, literally or under the doctrine of equivalents, directly or indirectly, any valid claim of the" patents-in-suit. (Am. Answer Countercl. ¶¶ 12 & 21, Dkt. 19.) jWIN repeats this formulaic assertion of legal conclusion for each patent without any factual support. This formulaic assertion is nothing more than a conclusory allegation lacking any factual enhancement and cannot sustain jWIN's claims.[1]

---

[1] The sample complaint for direct patent infringement in Form 18 does not affect the pleading standard for declaratory judgments of non-infringement. The Federal Circuit has held that "Forms are controlling only for causes of action for which there are sample pleadings." *In re Bill of Lading*

Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

*See Iqbal*, 556 U.S. at 678. jWIN does not offer any information whatsoever that could credibly suggest it is not directly or indirectly infringing the patents-in-suit.

Moreover, jWIN avoids providing any information regarding the category or identity of products for which it request a declaratory judgment of non-infringement. jWIN simply repeats its conclusion that it "is not now infringing and has not infringed." (Am. Answer Countercl. ¶¶ 12 & 21, Dkt. 19.) On the other hand, Incase clearly identified the product lines it alleges infringe the patents-in-suit—Snoopy Folio and Pangborn Art Collection lines. (FAC ¶ 6, Dkt. 10.) But jWIN fails to identify a single model, product, or even category of products in its counterclaims.

District Courts in the Northern District of California have repeatedly required that requests for declaratory judgment regarding claims of non-infringement specify the products alleged not to infringe. *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 11-CV-671, 2011 WL 3206686, at *6, (N.D. Cal. July 27, 2011); *see also Wiston Corp. v. Phillip M. Adams & Assoc.*, No. 10-CV-4458, 2011 WL 1654466, at *12 (N.D. Cal. Apr. 28, 2011). This level and requirement of specificity is vital to adjudicate a non-infringement claim. *Xilinx*, 2011 WL 3206686, at *6. jWIN's unsupported allegations encompass more than Incase's specific identification of products, but jWIN provides no guidance of any kind as to the scope it seeks. As a result, Incase cannot determine which products jWIN believes are at issue in its counterclaims.

jWIN makes no effort to identify the products at issue and offers no facts to make its assertions of non-infringement tenable. In short, jWIN's non-infringement counterclaims are mere "labels and conclusions" and should be dismissed. *See Iqbal*, 556 U.S. at 678.

---

*Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). The Federal Circuit continued by strictly construing Form 18 as measuring the acceptability of allegations of direct infringement. *Id.* Regardless, even applying Form 18, jWIN's claims are still inadequate because jWIN failed to identify even a single category of products for which it seeks a declaratory judgment of non-infringement.

Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

## II. jWIN's Kitchen Sink Approach to Affirmative Defenses Fail as a Matter of Law and Should Be Stricken

### A. jWIN Merely Pleads Legal Doctrines Devoid of Supporting Factual Allegations

In less than three pages, jWIN asserts eleven affirmative defenses—all of which consist of a single sentence of legal conclusions. For example, jWIN's first affirmative defense is almost a word for word copy of its non-infringement allegations in its counterclaims. *Compare* Am. Answer ¶ 18 ("jWIN has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '991 and '008 Patents."), *with* Am. Answer Countercl. ¶¶ 12 & 21 ("jWIN is not now infringing and has not infringed, literally or under the doctrine of equivalents, directly or indirectly, any valid claim of the ['991/'008] Patent."). jWIN repeats this same style of pleading with its second affirmative defense and counterclaims for invalidity. *Compare* Am. Answer ¶ 19, *with* Am. Answer Countercl. ¶¶ 16 & 25. For every affirmative defense, jWIN only mentions the name of a legal doctrine and asserts, in a conclusive manner, that the doctrine potentially applies without pleading any facts to make the defense plausible.[2] jWIN does not specify the elements of these potential defenses, much less offer any facts that would correspond to those elements.

This Court has rejected jWIN's doctrine-pleading method, declaring "that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands.'" *CTF Development, Inc. v. Penta Hospitality*, LLC, No. 09-CV-2429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009). jWIN's pleading does not even satisfy the pre-*Twombly* fair notice requirement. Undeniably, general references to doctrine, like general references to statutory provisions, are inadequate and fail to provide adequate notice as to the basis for a defense. *See Qarbon.com*, 315 F. Supp. 2d at 1049.

jWIN's non-infringement and invalidity affirmative defenses contain no more or additional factual information than its conclusory counterclaims discussed earlier. Without any elaboration,

---

[2] As to the fourth affirmative defense, jWIN provides a laundry list of possible equitable defenses. (Am. Answer ¶ 21, Dkt. 19 (relying on "the doctrines of waiver, laches, estoppel, unclean hands, ***or other applicable equitable doctrines***." (emphasis added)).)

Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

jWIN's first affirmative defense asserts that it does not infringe any claim of the patents-in-suit. Resembling jWIN's deficient non-infringement counterclaims, this defense is merely a simple recital of a legal conclusion. *See Iqbal*, 556 U.S. at 678. Similarly, jWIN's second affirmative defense replicates its insufficient invalidity counterclaim and states "[e]ach and every claim of the '991 and '008 Patents is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and 112." (Am. Answer ¶ 19, Dkt. 19.) References to a list of statutory provisions do not provide sufficient notice of the legal or factual basis for jWIN's invalidity allegations. *See CTF Development*, 2009 WL 3517617, at *7 ("[S]imply stating that the trademark is 'invalid' is not sufficient to notify the plaintiff *why* the trademark is allegedly invalid."); *Sorenson*, 2009 WL 5199461, at *1 ("Sections 101, 102, 103, and 112 provide several grounds for finding a patent invalid, and Defendant has failed to give Plaintiff fair notice of the basis of its affirmative defense."); *Groupon*, 2011 WL 2111986, at *4 (striking invalidity defense that "simply cites a whole series of statutory provisions").

jWIN's remaining affirmative defenses are equally wanting of factual support. jWIN's third affirmative defense simply states that "[o]ne or more claims in Plaintiff's FAC fails to state a claim upon which relief can be granted," yet provides no further explanation nor lists any specific claims. (Am. Answer ¶ 20, Dkt. 19.)

The fourth affirmative defense is a laundry list of possible equitable defenses—doctrine of waiver, laches, estoppel, unclean hands, or others.

The fifth affirmative defense alleges that Incase's "damages are barred under 35 U.S.C. §§ 286, 287, 288, and/or laches," however, presents no explanation or factual support to make the defense credible. (*Id.* ¶ 22.)

The sixth defense alleges that Incase's is barred from recovery by the doctrine of prosecution history estoppel, but fails to identify anything in the prosecution history of either patent.

The seventh affirmative defense lumps licensing and patent exhaustion together for any jWIN products or components that are "imported, sold by, offered for sale by, made by, or made

8

for, any entity having an express or implied license." (*Id.* ¶ 24.) Again jWIN fails to offer any factual support or elaboration for its claimed defense—not even one product, component, entity, or license.

The eighth defense simply claims that Incase's relief and damages sought are barred by the doctrines of absolute or equitable intervening rights, yet again without presenting any facts to support its defense.

The ninth affirmative defense states, in a "let's see what sticks" approach of "and/or" phrases, asserts that "Incase lacks standing to assert infringement of [the] '991 and/or '008 patents because it was not the legal or equitable owner of said patents and/or it did not have all substantial rights in the '991 and/or '008 [patents] at the time the suit was filed." (*Id.* ¶ 26.) No actual facts, or even a single fact, are offered by or for this boilerplate allegation.

The tenth affirmative defense accuses Incase of failing to mark or provide notice as required by 35 U.S.C. § 287, but provides no facts in support of the defense.

Lastly, the eleventh affirmative defense states that "jWIN is informed and believes . . . that Incase's claims are barred . . . by the doctrine of patent misuse." But jWIN offers no facts showing how it has been "informed" or why it has a reasonable "belief" that the defense will apply.

jWIN's kitchen sink approach to affirmative defenses is just a list of defenses plead in conclusory terms similar to other lists of defenses that have not survived a motion to strike. *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-3323, 2012 WL 1029425, at *10 (N.D. Cal. Mar. 26, 2012). All of jWIN's eleven affirmative defenses recite a legal conclusion and none of these defenses "point to the existence of some identifiable fact that if applicable to Plaintiff would make the affirmative defense plausible on its face." *Barnes*, 718 F. Supp. 2d at 1172; *see Perez*, 2012 WL 1029425, at *10. Absent some communicated legitimate factual grounds for pleading an affirmative defense, jWIN should not be allowed to muddle the issues and add any defense upon some hope that it may apply. *See Barnes*, 718 F. Supp. 2d at 1172. As a result, each of jWIN's affirmative defenses are insufficiently pled and should be stricken.

9

## B. jWIN's Defenses of Equitable Estoppel, Unclean Hands, and Patent Misuse Have Not Been Pled with Particularity

When fraudulent conduct is alleged, Rule 9(b) requires that the pleading "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Claims that are "grounded in fraud" or "sound in fraud" trigger Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Fraud can be claimed "by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The pleading standard is extremely stringent when Rule 9(b) applies. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Vess*, 317 F.3d at 1106). Therefore, the pleading must provide facts beyond "the neutral facts necessary to identify the transaction." *Id.*

jWIN's equitable estoppel defense is subject to Rule 9(b)'s particularity requirement. Reliance on misleading conduct is a main element of equitable estoppel. In the context of patent infringement, the Federal Circuit has explained that equitable estoppel requires "(1) the patentee, through misleading conduct, led the alleged infringer to reasonably believe that the patentee did not intend to enforce its patent against the infringer; (2) the alleged infringer relied on that conduct; and (3) due to its reliance, the alleged infringer would be materially prejudiced if the patentee were permitted to proceed with its charge of infringement." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310 (Fed. Cir. 2010). For this reason, district courts have concluded that equitable estoppel must be pled with particularity under Rule 9(b). *See, e.g.*, *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 940-41 (N.D. Cal. 2012); *Bayer CropScience AG v. Dow AgroSciences LLC,* No. 10-CV-1045, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011). jWIN complete lack of factual allegations in support of its equitable estoppel defense fails to identify Incase's supposedly misleading conduct with the specificity required by Rule 9(b).

In addition, jWIN's unclean hands defense may be subject to Rule 9(b) depending on the (unarticulated) basis for the defense. Under the doctrine of unclean hands, "plaintiffs seeking equitable relief must have acted fairly and without fraud or deceit as to the controversy in issue."

Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

*Adler v. Federal Republic of Nigeria*, 219 F.3d 869, 876-77 (9th Cir. 2000). True to form, jWIN has not alleged the factual basis for asserting its unclean hands defense. If jWIN "bases this defense on conduct involving fraud or mistake, it must also satisfy Rule 9(b)." *Powertech*, 2012 WL 1746848, at *5; *see also Mittelstaedt v. Gamla-Cedron Orleans LLC*, No. 12-CV-5131, 2012 WL 6188548, at *4 (N.D. Ill. Dec. 21, 2012) (holding that an unclean hands defense predicated on fraud allegations must be alleged with the specificity demanded by Federal Rule of Civil Procedure 9(b)). Incase should not be forced to speculate as to the basis for the defense. Precedent clearly requires jWIN to plead facts with greater specificity than silence.

Similarly, jWIN's patent misuse defense may also be subject to Rule 9(b) depending on the (unarticulated) basis for the defense. "The defense of patent misuse arises from the equitable doctrine of unclean hands." *Matsushita Elec. Indus. Co. Ltd. v. CMC Magnetics Corp.*, No. 06-CV-04538, 2006 WL 3290413, at *2 (N.D. Cal. Nov. 13, 2006) (quoting *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998)). Yet again, jWIN's complete lack of factual allegations leaves the bases for asserting patent misuse vague and insufficiently pled. *See Raychem Corp. v. PSI Telecommunications, Inc.*, No. 93-CV-20920, 1995 WL 108193, at *4 (N.D. Cal. Mar. 6, 1995) (striking a patent misuse defense because the allegation is too vague and not stated with sufficient particularity to support a claim of patent misuse). As with its unclean hands defense, jWIN must satisfy Rule 9(b) if it bases this affirmative defense on a claim of fraud. *See Vess*, 317 F.3d at 1103-04.

In each of these three affirmative defenses, jWIN has mentioned the name of a legal doctrine and nothing more. Clearly, these allegations do not impart the particularity that Rule 9(b) requires, offering another reason to strike these defenses.

## CONCLUSION

jWIN's Amended Answer is little more than a collection of legal conclusions and a listing of legal doctrines. jWIN's complete lack of factual allegations to support its counterclaims and affirmative defenses deprive Incase of the fair notice for the grounds of the counterclaims and affirmative defenses to which it is entitled to under the Federal Rules. For the foregoing reasons, Incase asks that this Court dismiss jWIN's counterclaims and strike jWIN's affirmative defenses.

Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

Dated: April 15, 2013

Respectfully submitted,

By: /s/ *Brian E. Mitchell*
      Brian E. Mitchell

Brian E. Mitchell
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

Attorney for Incase Designs, Corp